FILED
CLERK, U.S. DISTRICT COURT

2/14/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___cd___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| UNITED STATES OF AMERICA, | SA CR  8:23-cr-00020-FWS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1956(a)(1)(B)(i): Money Laundering; 18 U.S.C. § 1957: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 982: Criminal Forfeiture] |
| SERENA LIEU, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH THREE

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2(a)]

On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant SERENA LIEU knowingly conducted, and aided, abetted, counseled, commanded, induced, and procured the following financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activities, namely, wire fraud, in violation of

Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| ONE | 7/15/2020 | Transfer of $180,000 from a Bank of the West account ending in 6966 ("Bank of the West Account") to a Bank of America account. |
| TWO | 10/29/2020 | Transfer of $9,998 from an East West Bank account ending in 1923 ("East West Bank Account") to Coinbase.com. |
| THREE | 2/16/2021 | Transfer of $49,500 from East West Bank Account to Coinbase.com. |

COUNTS FOUR THROUGH SIX

[18 U.S.C. § 1957]

On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant SERENA LIEU, knowing that the property involved represented the proceeds of some form of unlawful activity, knowingly engaged in the following monetary transactions in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, wire fraud, committed in violation of Title 18, United States Code, Section 1343, and bank fraud, committed in violation of Title 18, United States Code, Section 1344:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| FOUR | 7/15/2020 | Transfer of $220,000 from the Bank of the West Account to a Bank of America account. |
| FIVE | 11/5/2020 | Payment by check debited from the East West Bank Account in the amount of $50,968. |
| SIX | 2/16/2021 | Transfer of $50,500 from East West Bank Account to Coinbase.com. |

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  Any property, real or personal, involved in such offense, and any property traceable to such property; and

   (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot s located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JOANNA CURTIS
Assistant United States Attorney
Chief, General Crimes Section

CAROLYN S. SMALL
Assistant United States Attorney
Major Frauds Section

DAVID LACHMAN
Assistant United States Attorney
General Crimes Section